

# NUMBER 13-24-00259-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MATTHEW ZENUS QUIMBY,                                 **Appellant,**

**v.**

THE STATE OF TEXAS,                                     **Appellee.**

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF BEE COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Silva

This case is before the Court on its own motion. On March 28, 2024, the trial court issued a judgment revoking community supervision in trial court cause number CR1802114. On May 9, 2024, pro se appellant sent correspondence to the trial court which we construe as a notice of appeal. On June 11, 2024, the Clerk of the Court notified pro se appellant that it appeared the appeal was not timely perfected in this matter. Pro

se appellant was further notified that the appeal would be dismissed if the defect was not cured within ten days from the date of the notice.

On August 9, 2024, the Court abated the appeal, and remanded the case to the trial court to make findings and recommendations concerning pro se appellant's request to pursue his appeal. On August 23, 2024, a supplemental clerk's record and supplemental reporter's record was filed with the Court. The trial court found that pro se appellant "did not timely file [a] notice of appeal," and recommended that the appeal "should [be] dismiss[ed]."

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a motion for new trial is timely filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, *within* fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Pro se appellant's notice of appeal was untimely filed, so we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

The Court, having examined and fully considered the documents on file and pro se appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Pro se appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999). Accordingly, the case is hereby reinstated, and the appeal is dismissed for want of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
19th day of September, 2024.